ACCEPTED
03-16-00262-CV
11211910
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/17/2016 3:55:47 PM
JEFFREY D. KYLE
CLERK

# No. 03-16-00262-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

6/17/2016 3:55:47 PM

JEFFREY D. KYLE
Clerk

**In the Court of Appeals
For the Third Judicial District
Sitting at Austin, Texas**

**Stacey Hammer**

Appellant

v.

**University Federal Credit Union; Wayne Morgan a/k/a Preferred
Properties a/k/a The Morgan Children, Inc.; Venessa Zapata Peters;
Kerry L. Haliburton; and El Campo Real Estate, LP a/k/a Goode
Casseb Jones Riklin Choate & Watson**

Appellees

Appealed from the 419th Judicial District Court,
Travis County, Texas

---

**MOTION TO DISMISS BY APPELLEES
UNIVERSITY FEDERAL CREDIT UNION, VANESSA ZAPATA-PETERS
AND KERRY L. HALIBURTON**

---

{03890643.DOC / }                                                    - 1 -

NOW COME Appellees University Federal Credit Union ("UFCU"), its employee Vanessa Zapata-Peters, and its trial counsel Kerry L. Haliburton and make and file this, their motion to dismiss, and in support thereof would show as follows:

## I.     SUMMARY OF THE MOTION

This lawsuit arises out of a foreclosure of a house. Appellant Stacey Hammer resided with her former husband at a house subject to a home loan held by UFCU. Hammer's then husband failed to pay the note payments as they came due, ultimately resulting in a foreclosure on the house.

Appellant Hammer unlawfully and without UFCU's permission broke into the house on multiple occasions, attempted to and did for periods occupy the property, and refused to vacate despite UFCU's demands. UFCU filed a lawsuit seeking injunctive relief against this and other related conduct by Appellant.[1] UFCU obtained a permanent injunction excluding Appellant from the premises and was able to sell the house.

Appellant then filed a separate lawsuit[2] against UFCU and various other defendants, including UFCU's employee Vanessa Zapata-Peters and its counsel in the related litigation, Kerry Haliburton[3], complaining that the foreclosure was wrongful, and that realtors involved in selling the house to a new owner had acted wrongfully. Ultimately all defendants in that case were granted summary judgment in their favor. As

---

[1] Cause No. D-1-GN-14-001262, 201st Judicial District, Travis County, Texas.
[2] Cause No. D-1-GN-15-000557, 419th Judicial District, Travis County, Texas.
[3] UFCU, Zapata-Peters and Haliburton are referred to hereinafter as "the UFCU Defendants."

set forth below, Appellant failed to timely appeal from the final judgment relating to the UFCU Defendants and, therefore, this appeal should be dismissed for want of jurisdiction. Moreover, Appellant has failed to take the required steps to comply with the Rules of Appellate Procedure, even after a request by this Court's Clerk.

## II. AUTHORITIES AND ANALYSIS

### A. Plaintiff/Appellant Hammer Did Not Timely Perfect An Appeal

Appellant has not obtained the clerk's record, leaving the UFCU defendants in a catch 22—(1) request the record themselves, essentially doing Appellant's job for her but providing the UFCU Defendants the ability to point out that this Court does not have appellate jurisdiction over any dispute involving them or (2) do nothing, allowing this litigation to linger, needlessly, which as set forth below appears to involve Appellant failing to comply with basic rules. In an effort to bring this appeal to an expeditious end, the UFCU Defendants file this motion even though the clerk's record is not before the Court.

Appellant failed to timely file a notice of appeal in relation to the UFCU Defendants and, therefore, her appeal as to these Appellees should be dismissed. *See Martens v. Tramonte, Tramonte & Bastien*, No. 14-02-01149-CV, 2003 Tex. App. LEXIS 133, at *1-2 (Tex. App.--Houston [14th Dist.] 2003, no pet.) (mem. op.) (granting of a company's motion to dismiss the individual's appeal for want of jurisdiction was proper where the notice of appeal was untimely and where the individual failed to file a proper motion to extend time to file the notice of appeal); *See also Neal v. Garcia-*

*Horrerios*, No. 01-07-01103-CV, 2008 Tex. App. LEXIS 3312, at *1, n.2 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (mem. op.) (entertaining a motion to dismiss and requiring party that filed late notice to provide "reasonable explanation"); *Ruiz v. Stewart Mineral Corp.*, No. 12-07-00419-CV, 2007 Tex. App. LEXIS 9655 (Tex. App.–Tyler 2007, no pet.) (mem. op.) (denying motion to extend time to file notice and dismissing for lack of timely notice of appeal).

On June 11, 2015, the realtor defendants were granted summary judgment against Appellant and on that same day the claims against the realtor defendants were severed into a new cause, D-1-GN-15-002232, in the 261st Judicial District. This severance left only UFCU, Zapata-Peters, and Haliburton as defendants.[4]

Thereafter, the UFCU Defendants were granted summary judgment against Appellant.[5] Because the UFCU Defendants were the only remaining defendants in Cause No. D-1-GN-000557, this was a final judgment. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994) (where severance caused otherwise partial summary judgment to be final as to all parties and claims remaining in the cause, it was a final appealable judgment). This summary judgment was signed on August 18, 2015. Appellant acknowledges in her notice of appeal this as the date of the judgment in favor

---

[4] See Appendix pages 1-4. Because Appellant has not yet made arrangements for the clerk's record and the time to do so has passed, the UFCU Defendants ask that this Court take judicial notice of the filings in the trial court. *See Granados v. State,* 843 S.W.2d 736, 737-38 (Tex. Civ. App.—Corpus Christi 1992, no writ) (appellate court can take judicial notice of fact not reasonably subject to dispute and that can be readily determined) (citing *Tex. R. Evid.* 201). For the convenience of this Court, copies of the referenced documents are provided with this motion.
[5] See Appendix pages 5-6.

- 4 -

of the UFCU Defendants. Thus, under *Texas Rule of Appellate Procedure* 26 and *Texas Rule of Civil Procedure* 329b, Appellant had 30 days from August 18—her deadline being September 17, 2015—to file a notice of appeal of the final judgment as to the UFCU Defendants or to file a post-trial motion contemplated by Rule 329b.

Appellant filed a "Motion for Reconsideration and New Trial" on the morning of September 17, 2015.[6] Under Rule 329b, because no written order was entered ruling on that motion, it was overruled by operation of law 75 days after the signing of the judgment, which was November 2, 2015. Because she filed a motion for new trial, Appellant had 90 days from the signing of the judgment to file her notice of appeal. Ninety days from the signing of the judgment was November 16, 2015. Appellant's notice of appeal was not filed until April 20, 2016, long after this appellate deadline for the UFCU Defendants expired.[7] Thus, Appellant's notice was untimely and her appeal should be dismissed.

**B.     Plaintiff/Appellant Has Already Demonstrated a Failure to Comply With the Rules and Directives From This Court**

After Appellant filed her notice of appeal, the Clerk of this Court issued a letter, pointing out the requirement that Appellant file a docketing statement. (See Letter of April 21, 2015.) *Texas Rule of Appellate Procedure* 32 requires that the Appellant file a docketing statement to provide the court of appeals with basic information on the case. To date, Plaintiff has still not provided this statement.

---

[6] See Appendix 7-14.
[7] See Appendix 15-21.

The Clerk's letter also pointed to Plaintiff's obligation to pay the filing fee and to arrange for the clerk and reporter's records. On May 12, 2016, the Clerk of this Court again wrote to Appellant, pointing out that Appellant had not arranged for the clerk's or reporter's record in connection with this appeal as required by Rule 34. *See Tex. R. App. P.* 34.5 (clerk's record). The Clerk's letter specifically pointed out that failure to arrange for these records may result in dismissal of the appeal pursuant to Rule 37. *See Tex. R. App. P.* 37.3 (clerk's authority if no record filed). The Clerk's letter requires a response by Appellant regarding the records by no later than May 23, 2016.

Despite the Rules and these letters by the Clerk of this Court, Appellant has not paid the filing fee or obtained the district clerk's record or the reporter's record. Thus, the requirements of Rule 34 have not been met and this case should be dismissed.

The only excuse Appellant might even point to for these failures is her request to proceed in forma pauperis (IFP). (See Appellant's letter to this Court of May 18, 2016.) However, a party can only proceed IFP if they have timely filed a notice of appeal. *Tex. R. Civ. P.* 20.1(a)(2)(C). As set forth above, Appellant did not do so.

Further, Appellant has not properly filed her request to proceed IFP. *See Tex. R. App. P.* 20. Rule 20.1(c) requires that the affidavit of indigency be filed in the trial court "with or before the notice of appeal." In her May 18 letter to the Clerk of this Court, Appellant concedes that she did not file her affidavit before or with her notice of appeal from cause no. 03-16-000263-CV or 03-16-000264-CV. The affidavit Appellant attaches

to this letter is also deficient in that it fails to provide all of the information required by the Rule. For example, the affidavit does not address Appellant's ability to obtain a loan to pay for costs. *See Tex. R. App. P.* 20.1(b)(9). Finally, Appellant's affidavit shows that she makes $3,800, providing her sufficient cash flow to pay court costs and the cost of the records.

## III.  CONCLUSION

In light of the foregoing, the UFCU Defendants pray that the Court dismiss this appeal and for all such other and further relief as they may be justly entitled.

Respectfully submitted,


__/s/ Joe Rivera_____
Jeffrey A. Armstrong
State Bar No. 24038747
armstrong@namanhowell.com
Joe Rivera
State Bar No. 24065981
jrivera@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800 (76701)
P. O. Box 1470
Waco, Texas  76703-1470
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR APPELLEES
UNIVERSITY FEDERAL CREDIT UNION,
VANESSA ZAPATA-PETERS, and
KERRY L. HALIBURTON

## CERTIFICATE OF CONFERENCE

This will certify that I conferred with Appellant Stacey Hammer and all other parties regarding the merits of this motion; Appellant Stacey Hammer is opposed to the motion and no other party opposes the motion.   Tex. R. App. P. 10.1(a)(5).


\_\_/s/ Joe Rivera_____
Joe Rivera


## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2016, a true and correct copy of the foregoing was served on all known counsel of record by e-service in accordance with *Tex. R. App. P*. 9.5., and on Appellant by certified mail:

Stacey Hammer
1034 East Cooper Avenue
Aspen, Colorado 81611
***Certified Mail, Return Receipt Requested***
***No. 7015 0640 9808 0745***


\_\_/s/ Joe Rivera_____
Joe Rivera

No. 03-16-00262-CV<br/>
In the Court of Appeals<br/>
For the Third Judicial District<br/>
Sitting at Austin, Texas

**Stacey Hammer,** Appellant

v.

**University Federal Credit Union; Wayne Morgan a/k/a Preferred Properties a/k/a The Morgan Children, Inc.; Venessa Zapata Peters; Kerry L. Haliburton; and El Campo Real Estate, LP a/k/a Goode Casseb Jones Riklin Choate & Watson,** Appellees

Appealed from the 419th Judicial District Court,
Travis County, Texas

## APPENDIX IN SUPPORT OF APPELLEES' MOTION TO DISMISS

| Exhibit No. | Description of Exhibit | Page Nos. |
|---|---|---|
| 1. | Order Granting Defendant El Campo Real Estate L.P.'s Motion for Summary Judgment | Appendix 1 - 2 |
| 2. | Order Granting El Campo Real Estate, L.P.'s Motion to Sever Claims Subject to Motion for Summary Judgment | Appendix 3 - 4 |
| 3. | Final Order Granting Summary Judgment | Appendix 5 - 6 |
| 4. | Plaintiff's Motion for Reconsideration and New Trial | Appendix 7 - 14 |
| 5. | Notice of Appeal | Appendix 15 - 21 |

Respectfully submitted,


   /s/ Joe Rivera_____
Jeffrey A. Armstrong
State Bar No. 24038747
armstrong@namanhowell.com
Joe Rivera
State Bar No. 24065981
jrivera@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800 (76701)
P. O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331

ATTORNEYS FOR APPELLEES
UNIVERSITY FEDERAL CREDIT UNION,
VANESSA ZAPATA-PETERS, and
KERRY L. HALIBURTON


## I.Certificate of Service

I hereby certify that on the 15th day of June, 2016, a true and correct copy of the foregoing was served on all parties of record in accordance with *Tex. R. App. P*. 9.5 as set forth below.

Stacey Hammer
1034 East Cooper Avenue
Aspen, Colorado 81611
***Certified Mail, Return Receipt Requested***
***No. 7015 0640 9808 0714***


   /s/ Joe Rivera_____
Joe Rivera

Filed in The District Court
of Travis County, Texas

JUN 1 1 2015

At _____2:31_____ M.
Velva L. Price, District Clerk

CAUSE NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| UNIVERSITY FEDERAL CREDIT UNION,<br>WAYNE MORGAN, a/k/a EL CAMPO<br>REAL ESTATE, L.P. a/k/a THE MORGAN<br>CHILDREN INCORPORATED, a/k/a<br>PREFERRED PROPERTIES; Jointly and<br>Severally; VENESSA ZAPATA- PETERS<br>Individually, KERRY L. HALIBURTON,<br>Individually | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF TRAVIS COUNTY, TEXAS<br><br><br><br><br><br>41⁰ᵗʰ JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT EL CAMPO REAL ESTATE L.P.'S MOTION FOR SUMMARY JUDGMENT

On the date indicated below, the Court heard Defendant El Campo Real Estate

L.P.'s Motion for Summary Judgment filed by Defendant El Campo Real Estate L.P.

After reviewing the motion and the arguments of counsel, the Court is of the opinion

that Defendant El Campo Real Estate L.P.'s Motion for Summary Judgment should be

GRANTED.

IT IS SO ORDERED.

SIGNED: _____June 11, 2015_____

_____
JUDGE PRESIDING

004074687



APPROVED AS TO FORM AND SUBSTANCE:

GOODE CASSEB JONES
RIKLIN CHOATE & WATSON, P.C.
P.O. Box 120480
San Antonio, Texas  78212
(210) 733-6030
(210) 733-0330 - Fax


By: _____
        Fred R. Jones
        State Bar No. 10886700
        Jones@goodelaw.com
        Aaron M. Barton
        State Bar No. 24059430
        Barton@goodelaw.com

ATTORNEYS FOR EL CAMPO REAL ESTATE L.P.


APPROVED AS TO FORM:


_____
Stacey Hammer, *Pro Se*

Filed In The District Court
of Travis County, Texas

JUN 1 1 2015
At_____2:31_____M.
Veiva L. Price, District Clerk

CAUSE NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNIVERSITY FEDERAL CREDIT UNION, | § | OF TRAVIS COUNTY, TEXAS |
| WAYNE MORGAN, a/k/a EL CAMPO | § | |
| REAL ESTATE, L.P. a/k/a THE MORGAN | § | |
| CHILDREN INCORPORATED, a/k/a | § | |
| PREFERRED PROPERTIES; Jointly and | § | |
| Severally; VENESSA ZAPATA- PETERS | § | |
| Individually, KERRY L. HALIBURTON, | § | |
| Individually | § | 419ᵗʰ JUDICIAL DISTRICT |

---

### ORDER GRANTING EL CAMPO REAL ESTATE, L.P.'S MOTION TO SEVER CLAIMS SUBJECT TO MOTION FOR SUMMARY JUDGMENT

---

On June 11, 2015, the Court considered El Campo Real Estate, L.P.'s Motion to Sever Claims (the "Motion"). After considering the Motion and the arguments of counsel, the Court is of the opinion that the Motion should in all things be GRANTED.

IT IS, THEREFORE, ORDERED that the claims asserted in this cause of action by the Plaintiff against El Campo Real Estate, L.P. are hereby SEVERED from this cause, and shall be assigned a new cause number by the clerk of the Court. The clerk is instructed to place in the file for the new severed and numbered cause a copy of each of the following: D-1-GN-15-002232  261ˢᵗ

1.   Plaintiff's Original Petition;

2.   Defendant El Campo Real Estate, L.P.'s First Amended Answer and Affirmative Defenses;

3.   Defendant El Campo Real Estate, L.P.'s Motion for Summary Judgment;

Appendix 00003

4.    the Order Granting El Campo Real Estate, L.P.'s Motion for Summary Judgment;

5.    Defendant El Campo Real Estate, L.P.'s Motion to Expunge Notice of *Lis Pendens*;

6.    the Order Granting El Campo Real Estate, L.P.'s Motion to Expunge Notice of *Lis Pendens*;

7.    this Order; and

8.    other documents as agreed to by the parties or further ordered by the Court.

Signed this _11_ day of June, 2015.

_____
JUDGE PRESIDING

Unofficial copy Travis Co. District Clerk Velva L. Price

NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER,<br>*Plaintiff,* | §<br>§<br>§<br>§ | THE DISTRICT COURT OF |
| V. | §<br>§ | |
| UNIVERSITY FEDERAL CREDIT<br>UNION, WAYNE MORGAN A/K/A<br>EL CAMPO REAL ESTATE, LP A/K/A<br>THE MORGAN CHILDREN, A/K/A<br>PREFERRED PROPERTIES; VENESSA<br>ZAPATA PETERS, INDIVIDUALLY,<br>AND KERRY L. HALIBURTON,<br>INDIVIDUALLY,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF TRAVIS COUNTY, TEXAS<br><br><br><br>419TH JUDICIAL DISTRICT |

## FINAL ORDER GRANTING SUMMARY JUDGMENT

On this day came on to be considered Defendants University Federal Credit Union's, Venessa Zapata Peters', and Kerry L. Haliburton's Motion for Summary Judgment and the matters referred to herein. After considering the pleadings, the motion, and the responses, the Court is of the opinion that the Defendants, University Federal Credit Union's, Venessa Zapata Peters', and Kerry L. Haliburton's, motion is well taken and should be granted.

IT IS, THEREFORE, ORDERED that Defendants, University Federal Credit Union's, Venessa Zapata Peters', and Kerry L. Haliburton's, Motion for Summary Judgment is HEREBY GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, University Federal Credit Union, Venessa Zapata Peters, and Kerry L. Haliburton, recover the sum of $ 10,000 as reasonable attorney's fees; plus all costs of court; plus interest on such court

Appendix 00005

costs and attorney's fees from the date of judgment at the rate of 5% per annum; all for which let execution issue.

Because all claims for relief by Plaintiff have been denied, this order shall be entered as a final judgment in this action.

SIGNED this ___18___ of August, 2015.


(S/ J. D. Phillip
Judge of the 419th Judicial District
Court of Travis County, Texas

Appendix 00006

9/17/2015 11:09:32 PM

**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-15-000557**
**Omorose Eguakun**

NO. <u>D-1-GN-15-000557</u>

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT |
| | §<br>§ | |
| V. | §<br>§ | 419TH JUDICIAL DISTRICT |
| UNIVERSITY FEDERAL CREDIT<br>UNION, WAYNE MORGAN, a/k/a, EL<br>CAMPO REAL ESTATE, L.P., a/k/a,<br>THE MORGAN CHILDREN, INC, a/k/a,<br>PREFFERED PROPERTIES,<br>JOINTLY AND SEVERALLY,<br>VENESSA ZAPATA PETERS,<br>INDIVIDUALLY, KERRY<br>HALIBURTON, INDIVIDUALLY<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | OF TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR RECONSIDERATION AND NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Stacey Hammer, Movant herein, in the interest of justice and fairness, and brings this Motion for Reconsideration and New Trial. In support hereof, Movant shows the following:

I.

A.     Movant challenges the sufficiency of the evidence and propriety of the Court's procedure leading to Defendant's Motion and subsequent order granting in favor of their Summary Judgment.

1.     Movant shows the court that counsel Wayne Paris was hired in order to provide vital legal advice during the hearing. It is the movant's right to hire and have access to counsel during any legal proceeding before any Court of competent jurisdiction. By the Court allowing opposing counsels' objection and preventing Attorney Wayne

Appendix 00007

Paris's from his capacity to provide movant with legal advice during the hearing was abuse of the discretion of the Court, open denial of movant's right to due process and an unequivocal violation of movants fourteenth amendment right to equal protection of the law afforded to anyone and any citizen in any jurisdiction of the United States. Opposing counsel Jeffrey Armstrong erroneously advised the Court that Mr. Paris could not so much as appear in the capacity of "Amicus Curiae" or even speak on behalf of Movant even though duly hired to do so.

B.     Movant challenges the sufficiency of the evidence submitted by the defendant(s).

1.     The evidence conclusively proves as a matter of law that the Movant did not receive notices of the foreclosure proceeding which is the basis of the underlying wrongful foreclosure suit and suit to determine right to title of the premises located at 103 Costa Bella Cove, Austin, Texas.

2.     The Court is required as a matter of law to use the same standards when adjudicating the issue of foreclosure proceedings as is required by a "directed verdict". Defendant requested in their Motion for Summary Judgment that the Court find for the Defendant on the basis of a No Evidence Motion for Summary Judgment. Defendant was therefore required to prove each and every element of a foreclosure and failed to do so. The elements were not enumerated in accordance with the Texas Property Code. The Court abused its discretion and errored in finding for the Defendant(s) on this issue.

C.     Movant challenges the sufficiency of the evidence that the Defendant sold to the highest bidder nor at a price adequate enough to comply with the Texas Property Code. Movant asserts that the Defendant, in fact, sold the premises at a price that was "grossly inadequate" thereby failing to comply with lawful foreclosure procedures.

1. The evidence conclusively proves as a matter of record that there were "no bidders" except for the lender/Defendant(s), and that Defendants purchased their own foreclosure for a price more than seventy-five percent below the market price in violation of the Texas Property Code and common law practice. The Court errored in overruling Plaintiff's Objection to the sufficiency of the evidence for a traditional and a no evidence motion for summary judgment.

D. Movant challenges the sufficiency of the evidence for the Defendant(s) demand for attorney's fees.

1. The evidence conclusively proves as a matter of law that Defendant failed to show that statutory requirements allowing for a prevailing party to be awarded a pre-discovery Motion for Summary Judgment entitlement to attorney's fees. Attorney's fees had not previously been sufficiently addressed. Therefore the Court abused its discretion in the award of said fees.

## II.

A. Movant includes an affidavit attached hereto, as proof of the allegations herein, and incorporates said affidavit by reference.

## III.

A. Movant requests an evidentiary hearing on the allegations raised herein.

**WHEREFORE, PREMISES CONSIDERED,** Movant prays this Court will vacate the judgment in this matter and will grant Movant a new trial for the grounds specified herein and in the interest of fairness and justice, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,


By:   / s /STACEY HAMMER
      Stacey Hammer
      Pro Se
      815 Brazos St. A # 197
      Austin, Texas 78701

      (512) 577 4489

Unofficial copy Travis Co. District Clerk Velva L. Price

## CERTIFICATE OF SERVICE

I certify that on the 17th day of September, 2015, a true and correct copy of Plaintiff's Motion for New Trial was served to each person listed below by the method indicated.

S// Stacey Hammer//S
Stacey Hammer, Plaintiff
E-mail: ssdenver@yahoo.com

1. Jeffrey A. Armstrong
Attorney for University Federal Credit Union, as of University Federal Credit Union
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
Waco, Texas 76701
E-mail:
Document was Electronically Served, and
Electronic Transmission was Reported as Complete.

Unofficial copy Travis Co. District Clerk Velva L. Price

## NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V.<br>UNIVERSITY FEDERAL CREDIT<br>UNION, WAYNE MORGAN, a/k/a, EL<br>CAMPO REAL ESTATE, L.P., a/k/a,<br>THE MORGAN CHILDREN, INC, a/k/a,<br>PREFFERED PROPERTIES,<br>JOINTLY AND SEVERALLY,<br>VENESSA ZAPATA PETERS,<br>INDIVIDUALLY, AND KERRY<br>HALIBURTON, INDIVIDUALLY<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 419TH JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br>OF TRAVIS COUNTY, TEXAS |

### VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Stacey Hammer, who being duly sworn, deposed as follows:

My name is Stacey Hammer. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Plaintiff's Motion for New Trial. I hereby swear that the statements in support of Plaintiff's Motion for New Trial are true and correct.

_____
Stacey Hammer

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 17th day of September, 2015, by Stacey Hammer.

MATTHEW CLOYD
Notary Public
State of Colorado
Notary ID 20144041140
My Commission Expires Oct 22, 2018

_____
Notary Public, State of Colorado

Appendix 00012

## NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 419TH JUDICIAL DISTRICT |
| UNIVERSITY FEDERAL CREDIT<br>UNION, WAYNE MORGAN, a/k/a, EL<br>CAMPO REAL ESTATE, L.P., a/k/a,<br>THE MORGAN CHILDREN, INC, a/k/a,<br>PREFFERED PROPERTIES,<br>JOINTLY AND SEVERALLY,<br>VENESSA ZAPATA PETERS,<br>INDIVIDUALLY, AND KERRY<br>HALIBURTON, INDIVIDUALLY<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | OF TRAVIS COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF
### PLAINTIFF'S MOTION FOR NEW TRIAL

BEFORE ME, the undersigned authority, personally appeared Stacey Hammer, who being duly sworn, deposed as follows:

My name is Stacey Hammer. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

_____
Stacey Hammer, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 17th day of September, 2015, by Stacey Hammer.

MATTHEW CLOYD<br>Notary Public<br>State of Colorado<br>Notary ID 20144041140<br>My Commission Expires Oct 22, 2018

_____
Notary Public, State of Colorado

NO. <u>D-1-GN-15-000557</u>

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | § <br>§ <br>§ | IN THE DISTRICT COURT |
| V. | § <br>§ | 419TH JUDICIAL DISTRICT |
| UNIVERSITY FEDERAL CREDIT<br>UNION, WAYNE MORGAN, a/k/a, EL<br>CAMPO REAL ESTATE, L.P., a/k/a,<br>THE MORGAN CHILDREN, INC,<br>a/k/a, PREFFERED PROPERTIES,<br>JOINTLY AND SEVERALLY,<br>VENESSA ZAPATA PETERS,<br>INDIVIDUALLY, AND KERRY<br>HALIBURTON, INDIVIDUALLY<br>Defendants. | § <br>§ <br>§ <br>§ <br><br><br><br><br><br>§ | OF TRAVIS COUNTY, TEXAS |

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR A NEW TRIAL

On _____, the Court considered the Plaintiff's Motion for a New Trial, the response thereto, and the evidence adduced at the hearing, and enters the following findings:

1. The Court **SUSTAINS** Plaintiff's challenge to the sufficiency of the evidence for each and every challenge by Movant, Stacey Hammer.

**IT IS ORDERED THAT** Plaintiff's Motion for a New Trial is **GRANTED** based on the findings herein and in the interest of justice.

SIGNED ON _____.

_____
PRESIDING JUDGE

## NO. D-1-GN-15-000557

| | | |
|---|---|---|
| STACEY HAMMER<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 419TH JUDICIAL DISTRICT |
| | § | |
| UNIVERSITY FEDERAL CREDIT | § | |
| UNION,, WAYNE MORGAN A/K/A, EL | § | |
| CAMPO REAL ESTATE, LP A/K/A, | § | |
| THE MORGAN CHILDREN, A/K/A, | § | |
| PREFERRED PROPERTIES;, | § | |
| VANESSA ZAPATA PETERS, | § | |
| INDIVIDUALLY, AND AND KERRY L. | § | |
| HALIOBURTON, INDIVIDUALLY | § | |
| Defendants. | § | OF TRAVIS COUNTY, TEXAS |

## NOTICE OF APPEAL

Plaintiff, Stacey Hammer, party to this case, files this Notice of Appeal seeking to alter the trial court's judgment or other appealable order.

The trial court, trial court case number and style of this matter are shown in the above caption.

The judgment or order in favor of UFCU, Vanessa Zapata-Peters, and Kerry Haliburton appealed from was signed on August 18, 2015.

Stacey Hammer desires to appeal because the visiting Judge of the Court was in error by not permitting Plaintiff's duly licensed selected attorney, Wayne Paris, who drove from Houston, Texas to appear on behalf of Plaintiff to speak in any capacity unless Full Notice of Appearance was granted. The Court errored in upholding Defendant's attorney Jeffrey Armstrong's objection to allow Plaintiff representation. The Court denied a request for the alternative to proffer Plaintiff's meritorious legal arguments in capacity as a "friend of the court" (Amicus Curiae). Further the judgment was granted as a result of opposing counsel misconduct by committing

fraud upon the court by stating the out of state Plaintiff was given due notice of the hearing. Further the Court errored in granting Defendants an award without prior justification and in contravention to Civil Practice and Remedies Code Title 2, Chapters 9 through 11, et. seq. .

This appeal is being taken to the Third Court of Appeals.

This notice is being filed by Stacey Hammer.

This is a restricted appeal, and:

a.    Appellant is a party affected by the trial court's judgment but did not participate through counsel who was duly hired and present in the hearing that resulted in the judgment complained of and in which Plaintiff was unlawfully deprived of representation.

b.    Appellant did not timely file either a postjudgment motion for findings of fact or notice of appeal or given any opportunity to be heard nor to try the case and therefor a post-judgment motion, request for findings of fact and conclusions of law could not be filed in accordance with Texas Rules of Civil Procedure which does not allow the prevailing party to request findings from the Court when the Court decreed the Final Summary Judgment by default and without hearing.

Appellant is presumed indigent and may proceed without advance payment of costs as provided in Rule 20.1(a)(3).

Respectfully submitted,

By: _Stacey Hammer_

Stacey Hammer
Pro Se Litigant
Email: ssdenver@yahoo.com
1034 East Cooper Avenue

Aspen, Colorado 81611
Tel. (512) 577 4489

## CERTIFICATE OF SERVICE

I certify that on April 20, 2016 a true and correct copy of Plaintiff's Notice of Appeal was served to each person listed below by the method indicated.

_Stacey Hammer_
Stacey Hammer

Fred R. Jones
Attorney for EL CAMPO REAL ESTATE, LP A/K/A
GOODE CASSEB JONES RIKLIN CHOATE & WATSON
2122 N. Main Ave
San Antonio, Texas 78212
TEL: 210 733 6030
FAX: 210 733 0330
Electronically through the Electronic Filing Manager: jones@goodelaw.com

Allen J. Armstrong
Attorney for UNIVERSITY FEDERAL CREDIT UNION,, VANESSA ZAPATA PETERS,
INDIVIDUALLY, and AND KERRY L. HALIBURTON, INDIVIDUALLY
1505 West Sixth Street
Austin, Texas 78703
TEL: 512 494 1481
FAX: 512 472 4013
Electronically through the Electronic Filing Manager: armstrong@namanhowell.com

David M. Gottfried
Attorney for WAYNE MORGAN A/K/A, THE MORGAN CHILDREN, A K A and
PREFERRED PROPERTIES;
8310 N. Capital of Texas Hwy, Suite 490

Appendix 00017

Austin, Texas 78731
TEL.: 512 479 0300
Electronically through the Electronic Filing Manager: david@davidgottfriedlaw.com

Appendix 00018

Cause No. D-1-GN-15-000557

NOTICE OF APPEAL

**VERIFICATION**

BEFORE ME, the undersigned authority, personally appeared [name of signor], who being duly sworn, deposed as follows:

"My name is Stacey Hammer. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Plaintiff's Notice of Appeal. I hereby swear that the statements in support of [Plaintiff/Defendant][s'/'s] Motion for New Trial are true and correct.

" "

*[signature: Stacey Hammer]*

[signor and capacity]

State of _Colorado_ , County of _Arapahoe_

Signed before me on this___ 19 ___day

of _Apple_ , 20 16 by _Stacey Hammer_

Notary Public___ *[signature]* ___

STEVEN ZAUGG
NOTARY PUBLIC
STATE OF COLORADO

**Belinda Bass**

| | |
|---|---|
| **From:** | Jeff Armstrong |
| **Sent:** | Wednesday, April 20, 2016 6:54 AM |
| **To:** | Belinda Bass; Kerry Haliburton |
| **Subject:** | Fwd: eFileTexas.gov - Notification of Service - 10199941 |

Sent from my iPhone

Begin forwarded message:

**From:** <No-Reply@eFileTexas.gov>
**Date:** April 20, 2016 at 1:38:22 AM CDT
**To:** <armstrong@namanhowell.com>
**Subject:** eFileTexas.gov - Notification of Service - 10199941



# Notification of Service
### Envelope Number: **10199941**

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | D-1-GN-15-000557 |
| **Case Style** | |
| **Date/Time Submitted** | 4/20/2016 1:37:49 AM CDT |
| **Filing Type** | Notice of Appeal |
| **Filed By** | eLawServices EFM |
| **Service Contacts** | El Campo Real Estate LP: <br><br> FRED JONES (JONES@GOODELAW.COM) <br><br> SHERRY DENTON (DENTON@GOODELAW.COM) <br><br> John Lavender (lavender@goodelaw.com) <br><br><br> Other Service Contacts not associated with a party on the case: <br><br> David Gottfried (david@davidgottfriedlaw.com) |

1

Allen Armstrong (armstrong@namanhowell.com)

| Document Details | |
|---|---|
| **File Stamped Copy** | https://efile.txcourts.gov/ViewServiceDocuments.aspx?ADMIN=0&SID=88d57b13-ddeb-43f7-a5eb-50c2c0b7f9b1<br>This link is active for 7 days. |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

2